UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY HAWN,

             Plaintiff,

        -v-                                                             9:24-CV-1137 (AJB/TWD)

BRYON WILLIAMS and SGT. SLATE,

             Defendants.
_____

**APPEARANCES:**                                                **OF COUNSEL:**

ANTHONY HAWN
Plaintiff, Pro Se
23-B-3253
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

HON. LETITIA JAMES                                   ALEXANDRA L. GALUS, ESQ.
New York State Attorney General                  Assistant Attorney General
Attorneys for Defendants
300 South State Street, Suite 300
Syracuse, NY 13202

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

      On September 19, 2024, *pro se* plaintiff Anthony Hawn ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision, filed this 42 U.S.C. § 1983 action alleging that defendants Williams and Slate violated his civil rights during two use-of-force incidents at Mid-State Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On October 21, 2024, U.S. District Judge Mae A. D'Agostino granted plaintiff's IFP Application and, after conducting an initial review of the pleading, determined that plaintiff's § 1983 Eighth Amendment claims alleging excessive force and/or failure-to-intervene against defendants Williams and Slate required a response. Dkt. No. 7. The matter was reassigned to this Court for all further proceedings. Dkt. No. 17. In lieu of an answer, defendants moved for summary judgment based on plaintiff's alleged failure to exhaust his available administrative remedies. Dkt. No. 18; Dkt. Nos. 21, 22 (briefing).

On July 10, 2025, U.S. Magistrate Judge Thérèse Wiley Dancks advised by Report & Recommendation ("R&R") that defendants' motion for summary judgment be denied without prejudice to renew after discovery.[1] Dkt. No. 23. There, Judge Dancks found that defendants had satisfied their burden of demonstrating the existence of a grievance procedure at Mid-State and had shown that plaintiff had failed to utilize those procedures. *Id*. However, Judge Dancks concluded that plaintiff's "sworn statement"—in which he claimed he did not file any grievance because he feared retaliation from defendants—"raised a sufficient question of material fact as to whether administrative remedies were available to him." *Id*.

Defendants have lodged objections.[2] Dkt. No. 27. There, defendants contend that Judge Dancks's recommendations were inconsistent with Second Circuit precedent, which encourages early resolution of the exhaustion defense. *See id*. (collecting cases). According to defendants, even assuming plaintiff failed to file a grievance out of fear of retaliation, "this is not a question

---

[1] Likewise, Judge Dancks rejected as premature defendants' request for an evidentiary hearing on exhaustion in lieu of discovery. Dkt. No. 23.

[2] The docket report reflects that plaintiff has lodged objections, too, but a review of his filing indicates it is a request to add as a named defendant one of the previously unidentified officers who allegedly used excessive force against him at Mid-State. Dkt. No. 24. That request is denied without prejudice at this time, but plaintiff may renew that request before Judge Dancks following the issuance of this Order.

of fact that warrants the full scope of discovery" because "it would not affect the outcome – Plaintiff failed to properly exhaust his claims." *Id*.

Upon *de novo* review, Judge Dancks's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). Although exhaustion is "mandatory," it is excused where administrative remedies are deemed "unavailable." *Ross v. Blake*, 578 U.S. 632, 639 (2016). As relevant here, exhaustion is "unavailable" when "prison administrators thwart inmates from taking advantage of the grievance process through machination, misrepresentation, or intimidation." *Hayes v. Dahlke*, 976 F.3d 259, 268 (2d Cir. 2020) (quoting *Ross*, 578 U.S. at 643–44). And while most circuits—including the Second Circuit—have endorsed the notion that the exhaustion defense can be resolved without a jury's involvement, *Messa v. Goord*, 652 F.3d 305, 308–10 (2d Cir. 2011) (per curiam), the Supreme Court recently narrowed the scope of that non-jury rule in a case called *Perttu v. Richards*, 605 U.S. 460 (2025).

In *Perttu*, the prisoner-plaintiff filed a § 1983 action against a corrections official "for violating his constitutional rights, including his First Amendment right to file grievances." 605 U.S. at 464. The plaintiff alleged that he had "tried to file grievance forms" about the defendant-official's alleged abuse but claimed that the defendant "destroyed them and threatened to kill him if he filed more." *Id*. The Court held that a prisoner-plaintiff has a Seventh Amendment right to a jury trial on the exhaustion issue whenever it is "intertwined with the merits" of his substantive claim for relief. *Id*. (concluding that § 1983 First Amendment claim and exhaustion issues were intertwined "because both depend on whether [the defendant] did in fact destroy [the plaintiff's] grievances and retaliate against him").

To be sure, *Perttu* represents a change in this area of law. The holding upsets, at least in some measure, the general practice in the lower courts of trying to resolve exhaustion questions

in evidentiary hearings. But its precise impact is yet to be understood. For instance, a few trial courts have already applied *Perttu* narrowly. *See, e.g.*, *Hill v. Tisch*, 2025 WL 1871142, at *8 (E.D.N.Y. July 7, 2025) (collecting cases). However, the holding might be understood to cover a situation where, as here, a plaintiff avers that his § 1983 claim(s) were left unexhausted because the defendant-official(s) threatened him with retaliation if he tried to grieve them.[3] *See id*.

At the very least, the application of *Perttu*'s "intertwine[ment]" rule would benefit from some discovery to better frame whether the question of exhaustion in this case can be separated from the merits of plaintiff's claims. *See, e.g.*, *Hubbert v. Monroe County Sheriff's Dep't*, 2025 WL 2157982, at *3 (W.D.N.Y. July 30, 2025) (leaving open possibility of hearing on exhaustion but cautioning defendants about the change in the governing law). Accordingly, Judge Dancks's R&R is accepted and will be adopted.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 23) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 18) is DENIED; and

3. Defendants shall file and serve an answer on or before September 5, 2025.

The Clerk of the Court is directed to terminate the pending motions and set an answer deadline.

**IT IS SO ORDERED.**

Dated: August 22, 2025
    Utica, New York.

Anthony J. Brindisi
U.S. District Judge

---

[3] Judge Dancks opined that this fact pattern might well be distinguishable from *Perttu*. Dkt. No. 23 at 13 n.3.